**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3376-23

FRANCES HICE,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
NEW JERSEY DEPARTMENT
OF TRANSPORTATION,
RAFAEL GUERRERO, JOSE
CRUZ, ANGELICA DELACRUZ,
and TOWNSHIP OF BLOOMFIELD,

    Defendants,

and

COUNTY OF ESSEX,

    Defendant-Respondent.

_____

Submitted September 23, 2025 – Decided October 28, 2025

Before Judges Sumners and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6122-22.

Lutz, Shafranski, Gorman and Mahoney, PA, attorneys for appellant (Frank Lazzaro, of counsel and on the brief).

Jerome St. John, Essex County Counsel, attorney for respondent County of Essex (Olivia Palamara, Assistant County Counsel, on the brief).

Methfessel & Werbel, attorneys for Jose Cruz and Angelica Delacruz (Amanda J. Sawyer, of counsel and on the brief).

PER CURIAM

In this personal injury matter, plaintiff Frances Hice appeals from a June 17, 2024 order granting summary judgment to defendant Essex County, the only remaining defendant in the case.[1] The motion judge granted summary judgment because he found defendant did not own or control the portion of the sidewalk where plaintiff fell and therefore was not liable under N.J.S.A. 59:4-2. We affirm.

I.

---

[1] The parties stipulated to dismiss with prejudice, defendants: Bloomfield Township, State of New Jersey, New Jersey Department of Transportation, and Rafael Guerrero. On March 5, 2025, the parties agreed to dismiss with prejudice defendants Jose Cruz and Angela Delacruz after their brief was filed in this appeal. Thus, they are no longer parties to this appeal.

A-3376-23

In August 2021, plaintiff tripped and fell and sustained injuries as a result of an uneven sidewalk slab. The sidewalk abutted property at 290 Watchung Avenue owned by Cruz and Delacruz. The uneven sidewalk slab had been uplifted by tree roots from a tree located on the Cruz/Delacruz property.

The County owns the Watchung Avenue roadway, (County Route 652), in Bloomfield between curb lines, consistent with N.J.S.A. 27:16-8, excluding sidewalks. The roadway is adjacent to the sidewalk abutting the Cruz and Delacruz's property. However, the sidewalk where plaintiff fell is not owned by the County, the Cruz and Delacruz's nor the Township of Bloomfield. Rather, the sidewalk abutting Watchung Avenue was considered a right of way and the residential property owners are responsible for maintaining it.

In 2019, the County began a resurfacing project and was mandated, as part of the project, to install curb ramps compliant with the Americans with Disabilities Act (ADA)[2] at the corners of all roadways. The project included installation of a ramp near the sidewalk where plaintiff tripped. The scope of the work was limited, in pertinent part, to "replac[ing] existing pavement markings, sidewalk and curb necessary for the installation of handicap ramps[.]"

---

[2] Americans with Disabilities Act, 42 U.S.C. §12101-12213.

A-3376-23

It is undisputed that plaintiff did not fall on the handicap ramp or on the slab next to the handicap ramp. Plaintiff fell three slabs away from the end of the sidewalk where one of the new ramps was installed. Plaintiff concedes this distance was approximately twelve feet away from the newly installed ramp.

Plaintiff's engineering expert, Wayne F. Nolte, Ph.D., P.E., acknowledged that "the property adjacent to the sidewalk where this accident occurred," was owned by Cruz and Delacruz and the sidewalk's "maintenance was the responsibility of the abutting property owner." Dr. Nolte further stated: "[t]he Property Maintenance Code [of defendant] Township . . . placed responsibility upon the property owners, [defendants] Cruz and [] Delacruz, to maintain the sidewalk in a proper state of repair and free from hazardous conditions."

Regarding the newly constructed ramp, Dr. Nolte stated that the sidewalk between the handicap ramps was required by the ADA standard to "not have elevation differentials more than [one-quarter inch] without treatment." Dr. Nolte concluded that the installation of the handicap ramps exceeded this height differential, thus not complying with the ADA standard. However, Dr. Nolte did not dispute that the location of the elevation differential, where plaintiff fell, was not on the handicap ramp or the slab next to the ramp.

4

Defendants Cruz and Delacruz and the County filed for summary judgment. On May 10, 2024, the motion judge granted summary judgment in favor of Cruz and Delacruz. On June 17, 2024, the motion judge granted summary judgment to the County, finding that the sidewalk where plaintiff fell was not owned, maintained, or controlled by the County. Plaintiff appealed both orders granting summary judgment to these defendants. However, on March 5, 2025, after Cruz and Delacruz filed their brief in opposition to plaintiff's appeal, plaintiff, Cruz and Delacruz amicably resolved the matter, entering a stipulation of dismissal with prejudice as to these two defendants.

Before us, plaintiff contends the judge erred in granting summary judgment to the County because there was sufficient evidence to create a genuine factual dispute as to whether the County undertook its construction duties under the ADA in a palpably unreasonable manner. Having reviewed the record de novo and in a light most favorable to plaintiff, the non-moving party, we conclude the County was entitled to a judgment as a matter of law.

II.

We review a trial court's ruling on summary judgment de novo based upon an independent review of the record. See RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

5

A trial court's legal ruling is "not entitled to any special deference." Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Under this standard, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-529 (1995) (quoting R. 4:46-2). The non-moving party is entitled to "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Est. of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)).

"An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38).

N.J.S.A. 59:4-2 sets forth the conditions upon which a public entity may be held liable for injury caused by a dangerous condition on its public property. Public property is defined as "real or personal property owned or controlled by

the public entity."  N.J.S.A. 59:4-1(c).  Therefore, "[l]iability under N.J.S.A. 59:4-2 pertains only to property owned or controlled by the public entity."  Farias v. Twp. of Westfield, 297 N.J. Super. 395, 403 (App. Div. 1997).

Plaintiff argues that when the County constructed the ramp, the height differential created by the construction constituted a dangerous condition and violated ADA standards.  Plaintiff further argues the uneven sidewalk caused her to trip, fall and be injured.  Because, as plaintiff contends, the County created this dangerous condition, it had actual or constructive notice of it.

These assertions are flawed for several reasons.  It is undisputed that plaintiff fell on the sidewalk in front of 290 Watchung Avenue—approximately three sidewalk slabs from the County's work site and not next to the handicap ramp.  Plaintiff's expert acknowledged the location of plaintiff's fall in his report:  "[t]he subject accident occurred at an elevation differential on the sidewalk twelve feet [] from where Essex County installed a handicap accessible ramp at the corner of Watchung Avenue and Bell Street."

Moreover, there is no evidence that the County owned or was responsible for the maintenance of the sidewalk in front of 290 Watchung Avenue.  In fact, the Bloomfield Township Code clearly provides that the abutting property owner is responsible for "[t]he installation, repair or replacement" of sidewalks.

7

Bloomfield Township, N.J., Code § 497-16A. Nor did the County take control of this portion of the sidewalk when it began the construction of the ADA compliant ramp.

The record does not show that the uneven sidewalk where plaintiff fell was caused by the County's work. Instead, as plaintiff's expert recognized, "[t]he elevation differential identified by [plaintiff] causing her to trip and fall was on the east side of the sidewalk slab at the tree." Furthermore, the scope of the County's work to install the handicap ramp extended only to "sidewalk and curb work necessary for the installation of handicap ramps." The record is void of any evidence demonstrating that work on the sidewalk in front of 290 Watchung Avenue was "necessary" for the construction of the handicap ramp. Because there is no evidence showing the County took control over the sidewalk in front of 290 Watchung Avenue, it had no legal duty to repair that part of the sidewalk.

Finally, plaintiff contends that when the County "undertook the work" of installing the handicap ramp, it had an obligation to ensure "that there was nothing greater than a one-quarter inch height differential," and by failing to do so, it "created [a] dangerous condition . . . i.e., the uneven sidewalk." Plaintiff provides no legal support for extending this legal duty to a portion of the

A-3376-23

sidewalk under the control of the abutting property owner and not the County. Thus, we decline to expand a public entity's duty to inspect and potentially repair sidewalks abutting County roadways not under their control or ownership to ameliorate any potential hazard.

Because there was no genuine issue of fact as to whether the County owned or controlled the sidewalk where plaintiff fell, the motion judge properly granted summary judgment to the County.

To the extent we may not have addressed any remaining arguments raised by plaintiff, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3376-23